**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR (YET ANOTHER) EXTENSION OF TIME TO RESPOND**

---

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

**Plaintiff: MOHAMED LY, et. al.**

**Defendants: AIRBNB, INC., BRIAN CHESKY, STEPHEN BRIGHENTI**

**Case No:  1:24-cv-00921-GBW**

---

Lead Plaintiff Mohamed Ly, appearing **pro se**, rises in full opposition to Defendants' request and files this opposition to Defendant Airbnb, Inc.'s motion for a 21-day extension to respond. It is clear that the Defendant's strategy is aimed at evading justice by relying solely on procedural technicalities and delaying tactics, while the evidence against them remains overwhelming and indefensible. Plaintiffs vehemently oppose any further extensions and argue that such a request is a deliberate effort to delay justice, avoid accountability, and prolong Plaintiff's injury and suffering. The request for an extension should be denied for the reasons set forth below:

**1. Airbnb's Repeated and Bad Faith Delays Are Violative of the Spirit of the Federal Rules of Civil Procedure**

*No Substantive Defense Has Been Offered*

The crux of the Defendant's approach thus far has been centered on jurisdictional challenges and avoidance tactics. At no point in these proceedings has Airbnb presented a substantive defense to address the irrefutable evidence of their gross negligence, deceit, and unlawful conduct. The photographic and video evidence, coupled with witness affidavits and medical records, lays bare the hazardous, uninhabitable conditions of the property rented to Plaintiff's family—conditions that Airbnb continues to avoid defending.

The **Federal Rules of Civil Procedure (FRCP)** are designed to promote the "just, speedy, and inexpensive determination of every action and proceeding." (**FRCP Rule 1**). Defendant's motion for an extension is clearly at odds with the FRCP's guiding principles of efficiency and justice. Given the history of dilatory tactics employed by Airbnb throughout the entirety of this case, this extension should be denied outright.

As the **U.S. Supreme Court** ruled in **Foman v. Davis**, 371 U.S. 178, 182 (1962), "[i]t is the public policy of the courts to favor a speedy resolution to disputes, particularly where one party is seeking to evade responsibility." Prolonging these proceedings will only result in prejudice to the Plaintiff, while further enriching Airbnb and leaving the victims of Airbnb's egregious misconduct without redress.

## 2. Plaintiff's Evidence is Overwhelming and Indisputable

*Motion for Extension is Another Attempt to Evade Responsibility*

It is no coincidence that Defendant's requests for extensions, delays, and evasive filings persist at each step of the litigation. Courts, as well as consumer protection laws, abhor strategies that unjustly delay a plaintiff's right to a fair trial, particularly where evidence shows egregious conduct by a defendant. The Federal Rules of Civil Procedure, particularly Rule 1, mandate that courts provide a "just, speedy, and inexpensive determination of every action and proceeding." Further delays will unjustly prejudice Plaintiff and the class members.

The video evidence, photographs, and supporting affidavits presented to the Court unmistakably demonstrate the deplorable, hazardous living conditions at 10 Sunny Ridge, including mold infestations, structural damages, and flooding. This evidence—complemented by medical records substantiating serious physical and emotional harm—cannot be reasonably disputed.

Plaintiff has already provided documentary evidence (videos, still photographs, and affidavits) demonstrating the hazardous conditions of the property in question, including:

• Mold-infested walls and ceilings.

• Flooding and structural damage.

• Hazardous air quality causing severe health complications.

• Evidence of negligence by the property owner, supported by correspondence.

This evidence is so compelling that further delay only serves to undermine the integrity of this process and impede the delivery of justice.

Defendants have yet to offer a substantive defense addressing these core issues. Courts routinely reject extensions where the moving party has not demonstrated a legitimate need for further time and has only delayed filing to "harass the opposing party" or for "undue delay." See **Hahn v. Star Bank, 190 F.3d 708 (6th Cir. 1999)**, where the court determined that granting extensions with no legitimate basis undermines the fair administration of justice.

**3. Tolling of Statute of Limitations and Prejudice to Plaintiff**

Further delay in these proceedings could trigger concerns over the statute of limitations regarding personal injury claims. While certain tolling mechanisms may apply in some jurisdictions, the legal principle of **laches**—derived from **equity law**—recognizes that unreasonable delays in pursuing legal rights can disadvantage one party, often resulting in the waiver of those rights. In **Brown v. Pro Football, Inc., 146 F.R.D. 1 (D.D.C. 1992)**, the court noted that delay "may seriously prejudice the plaintiff's ability to recover or obtain evidence."

Plaintiff and his family are already suffering from long-term health issues, directly caused by their exposure to mold, unsanitary conditions, and structural hazards at the Defendant's property. The delay requested by the Defendant would exacerbate the prejudice to Plaintiff and heighten the risk of evidentiary decay over time.

**4. Public Policy and Consumer Protection Laws Demand Swift Action**

Airbnb's practices are not isolated to this case but are part of a wider, systemic issue of evading responsibility while profiting from unsafe rental properties. The **Federal Trade Commission Act (15 U.S.C. § 45)** prohibits unfair or deceptive acts in commerce, including Airbnb's systemic

neglect in ensuring the safety of rental properties listed on its platform. Any delay in these proceedings only compounds Airbnb's opportunity to continue engaging in these deceptive practices to the detriment of public safety.

Further, **42 U.S.C. § 1983** provides civil recourse for individuals whose rights have been violated under color of law. While not directly applicable in all private matters, the public policy enshrined in this statute supports the protection of individuals against willful negligence or disregard for safety by large entities that operate across state lines, such as Airbnb. The public interest in holding Airbnb accountable for its systemic failures, as demonstrated by numerous lawsuits and media coverage, demands swift adjudication without unnecessary delays.

## 5. Defendant's Tactics Constitute Abuse of Process

Airbnb's only consistent defense has been to attempt to leverage procedural technicalities such as jurisdiction. These motions were ultimately unsuccessful in Massachusetts, where the court dismissed the matter on jurisdictional grounds without assessing the substantive claims against Airbnb. Defendant should not now attempt to rehash procedural matters that have already been decided, especially given their failure to address the underlying facts.

Defendant's repeated attempts to delay these proceedings, while continuing to rent out hazardous properties to unsuspecting consumers, are in direct violation of public policy and consumer protection laws, including the Federal Trade Commission Act, which prohibits unfair or deceptive practices in commerce. This class action seeks to enforce the public interest by holding Airbnb accountable for systematic violations of consumer rights and safety standards.

The continual delays by Airbnb, particularly through its requests for extensions and jurisdictional challenges, amount to an abuse of process. Courts have long recognized that dilatory tactics and procedural maneuvers employed for the sole purpose of delaying litigation are impermissible. See **Chambers v. NASCO, Inc., 501 U.S. 32 (1991)**, which held that a party's conduct amounting to bad faith, including dilatory tactics, can result in sanctions under a court's inherent power. This pattern of denial of justice through delay tactics start in the United States District Court oof Massachusetts, and remains defendants' favored go-to strategy, given the unsurmountable and compelling amount of evidence...

By requesting multiple extensions without substantive reasons or material defense, ever, Airbnb is willfully delaying the process, knowing that the burden falls squarely on the injured Plaintiff, who continues to suffer the consequences of Airbnb's misconduct.

## 6. Court's Discretion to Deny Extensions: Defendants Have Not Shown Good Cause

The FRCP permits courts to exercise discretion when ruling on motions for extension of time. Under **FRCP Rule 6(b)**, a court may grant an extension only for good cause. Good cause exists where the moving party demonstrates that they acted diligently and that the delay was unavoidable. In **Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993)**, the Court emphasized the need for compelling reasons to justify delays. Airbnb has offered no such justification and is relying on tactics aimed at wearing down the Plaintiff.

Furthermore, **FRCP Rule 16(b)(4)** reinforces that scheduling orders should not be modified except upon a showing of good cause, and delay tactics for the sake of delay do not meet this threshold. The absence of any substantive defense only reinforces the notion that Airbnb's goal is simply to obstruct the progress of this case.

## 7. Plaintiff's Health and Emotional Well-being at Stake

Courts have recognized that unjust delays, particularly when they involve personal injury and safety issues, may cause irreparable harm. This is a case where timely resolution is critical, as it involves continuing physical, mental, and financial harm. See **Brock v. City of Cincinnati**, 236 F.3d 793, 808 (6th Cir. 2001) (finding that delay is inappropriate where the issues are urgent, and prejudice to the plaintiff is significant).

Defendant's ongoing delays have caused continued physical, emotional, and financial harm to Plaintiff and his family. These delays have directly impacted their ability to access medical treatment and seek appropriate compensation for the egregious living conditions forced upon them. As outlined in the complaint, three family members had pre-existing conditions, including one who is a cancer survivor. Delaying these proceedings only exacerbates the severe physical and emotional toll on the Plaintiff's family.

As outlined in Plaintiff's prior filings and supporting evidence, the harm caused by Airbnb's negligence is ongoing and severe. This includes physical health complications, emotional trauma, and financial distress. Plaintiff has sought multiple medical treatments and continues to suffer from the effects of mold exposure, further exacerbating the urgency for swift adjudication.

The **Restatement (Second) of Torts § 324A** addresses liability for physical harm resulting from the failure to exercise reasonable care to prevent harm, especially where a duty to act is imposed. The duty of care owed by Airbnb to its guests cannot be overstated, particularly when their failures have already caused significant harm. Any further delays in this case would only compound the harm to Plaintiff, making expedited resolution necessary.

## 8. Judicial Economy and Efficient Use of Resources

Judicial economy is a key consideration in denying further delays. Prolonging these proceedings not only wastes the time and resources of the Court but also unnecessarily burdens Plaintiff with increased litigation costs. As the **Third Circuit** recognized in **In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982)**, courts should aim to streamline litigation and eliminate unnecessary delays to protect the interests of justice.

The public interest, judicial economy, and Plaintiff's right to an efficient resolution of this case support denying Airbnb's motion for an extension.

## 9. Cumulative Effect of Extensions

This is not the first instance where Airbnb has sought to delay these proceedings, and it is clear that their cumulative effect is to slow the wheels of justice, not to present a legitimate defense. The longer this case drags on, the greater the harm inflicted on Plaintiff. Defendant's continued evasion through procedural delays threatens to undermine the basic premise of justice.

The public interest is best served by a swift and thorough resolution of this case. The continued pattern of misconduct by Airbnb, as evidenced by numerous other lawsuits and negative media reports, demonstrates a systematic disregard for consumer safety. Swift justice in this case will not only compensate the victims but also serve as a deterrent to other corporations that might consider engaging in similar practices.

In **Day v. McDonough**, 547 U.S. 198 (2006), the Court emphasized the importance of timely resolution in all cases, especially those involving claims of injury or harm. The burden of delay in this case should be borne by Airbnb, not the injured Plaintiff.

**CONCLUSION**

For the reasons outlined above, Plaintiff respectfully requests that this Court deny Defendant's motion for a 21-day extension, as such delay serves no purpose other than to obstruct justice, exacerbate Plaintiff's injuries, and avoid addressing the substantive claims of misconduct and negligence by Airbnb.

Respectfully submitted,

Mohamed Ly

Dated: October 7, 2024

Lead Plaintiff