IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOHAMED LY, | : |
| Plaintiff, | : |
| v. | : Civ. No. 24-921-GBW |
| AIRBNB, INC., *et al.*, | : |
| Defendants. | : |

**MEMORANDUM ORDER**

**I.　BACKGROUND**

On August 7, 2024, Plaintiff Mohamed Ly, of Wilbraham, Massachusetts, initiated this action *pro se* with the filing of a Complaint and payment of the filing fee. (D.I. 1.) The Complaint alleges federal questions based on violations of the Federal Trade Commission Act (FTCA), Consumer Product Safety Act (CPSA), Interstate Land Sales Full Disclosure Act (ILSA), and Racketeer Influenced and Corrupt Organizations Act (RICO) by Defendants Airbnb, Inc., Brian Chesky, Stephen Brighenti, and Does 1-100. (*Id.*) Pending before the Court are fourteen (14) motions, including two motions to dismiss, which the Court has reviewed, considered, and now resolves by way of this Order. (D.I. 6, 8, 9, 10, 11, 12, 23, 25, 31, 32, 33, 34, 36, 37.)

1

According to the Complaint, between August 2, 2023, and November 2, 2023, Plaintiff reserved a private, residential estate for a three-month stay through Defendant Airbnb for a total of $75,000. (D.I. 1 at 4.) The property was located at 10 Sunny Ridge, in Washington, Connecticut, and Defendant Brighenti maintained both the property and its listing. (*Id.* at 4-5.) Upon arrival, Plaintiff found numerous hazardous conditions that were not mentioned in, or were directly contradicted by, the listing. (*Id.*) Plaintiff brought these conditions to the attention of Defendants Airbnb and Brighenti, but "neither party took adequate steps to address the hazards or provide safe alternative accommodations," and Plaintiff and his family were "forced to vacate after two months." (*Id.* at 4.)

The Complaint asserts that Defendants knew or should have known of these dangerous conditions before Plaintiff reporting them. (*Id.*) The Complaint also asserts that Defendants failed to take appropriate action because they neither updated the Airbnb listing to reflect the true condition of the property, nor removed the listing. (*Id.*) Additionally, the Complaint asserts that Defendant Chesky, as the Chief Executive Officer of Defendant Airbnb, was "responsible for company policies and practices that allowed the situation to occur," "allowed the perpetuation of these practices upon unsuspecting victims," and "oversaw the continuation of

2

systemic and unscrupulous marketplace deceits and abuses, which continue to-date." (*Id.* at 8.)

As a result, the Complaint alleges that Plaintiff sustained physical, emotional, and psychological injuries, and was rendered unable to work, which incurred over $50,000 in medical expenses, as well as over $45,000 in lost income. (*Id.* at 9.) The Complaint further alleges injuries in the form of lifestyle disruptions, loss of time and effort spent attempting to resolve the situation, negative impact on work and school commitments, and additional costs for emergency accommodations, travel, and other expenses. (*Id.*) Last, the Complaint alleges damages to personal property, as Plaintiff and his family "had to dispose of contaminated personal belongings due to mold, pests, or other hazardous conditions." (*Id.*)

Based on the foregoing, Plaintiff seeks money damages in the amount of $6,000,000, "punitive damages for Defendants' knowing, willful, and intentional conduct," "pre-judgment and post-judgment interest at the maximum rate permitted by applicable law," and "an award of costs, expert fees, and attorneys' fees incurred in prosecuting this action." (*Id.*) Plaintiff also seeks "injunctive relief prohibiting Defendants from continuing their unlawful practices," and "an order requiring [Defendant] Airbnb to implement and maintain a compliance program." (*Id.*)

## II. LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This Court has subject matter jurisdiction over cases that raise federal questions and cases that present diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Federal questions are raised in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the suit is between citizens of different states. *See* 28 U.S.C. § 1332(a). Diversity jurisdiction "requires complete diversity of the parties; that is, no plaintiff can be a citizen of the same state as any of the defendants." *Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003).

This Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). If at any time, a federal court determines that subject matter jurisdiction is lacking, it must dismiss the action. *See* FED. R. CIV. P. 12(h)(3). In determining whether a *pro se* complaint asserts a valid basis for subject matter jurisdiction, courts construe the complaint liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (1976).

## III. DISCUSSION

This case will be dismissed because the allegations in the Complaint are insufficient to establish subject matter jurisdiction, and Plaintiff has failed to prosecute this case.

Regarding subject matter jurisdiction, Plaintiff asserts that the Complaint raises federal questions, involving violations of the FTCA, CPSA, ILSA, and RICO. (D.I. 1 at 3.) Yet upon review, the Court finds that the Complaint establishes no basis for the federal claims asserted. First, a private, individual litigant, like Plaintiff, lacks the right to assert FTCA violations in a civil suit. *See Sandoz Pharms. Corp. v. Richardson-Vicks, Inc.*, 902 F.2d 222, 231 (3d Cir. 1990) ("Neither [the FDA, nor the FTC's] constituent statutes creates an express or implied private right of action."). As such, Plaintiff's FTCA claims must be dismissed as a matter of law.

Second, while the CPSA permits a litigant, like Plaintiff, to recover damages based on a "knowing violation of a consumer product safety rule," it "does not allow a private right of action for violations of the statute itself." *Perkins v. Procter & Gamble Pharm. Co.*, 2021 WL 1392996, at *2 (D. Del. Apr. 13, 2021), aff'd sub nom. 2022 WL 1238358 (3d Cir. Apr. 27, 2022) (citations omitted). Since "the Complaint does not specifically identify any 'consumer product safety rule' as being

at issue, and it does not allege Defendants violated a product safety rule," Plaintiff's CPSA claims, as stated, also fail as a matter of law. *Id.*

Third, the ILSA imposes specific registration and disclosure requirements on developers who offer certain types of property for interstate sale or lease, such as lots of undeveloped land exceeding 100 subdivisions. *See* 15 U.S.C. §§ 1701-1720; *see also Cost Control Mktg. & Mgmt., Inc. v. Pierce*, 848 F.2d 47, 48 (3d Cir. 1988) (discussing ILSA registration and disclosure requirements). The Complaint does not identify any specific ILSA requirement at issue, and it does not identify the developer, or the lot, to which Plaintiff's ILSA claims pertain. (*See* D.I. 1.) The ILSA includes exemptions for a wide range of interstate property sales and leases, including lots with fewer than twenty-five subdivisions, improved land on which there is a residential building, and lots zoned for single family residences, *see* 15 U.S.C. § 1702, such that the Court cannot plausibly infer that the ILSA applies to the private residential property described in the Complaint, which Plaintiff reserved for three months through Defendant Airbnb, (*see* D.I. 1). As such, Plaintiff's ILSA claims, as stated, also fail as a matter of law.

Fourth, to raise a RICO claim, Plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity," as well as an injury resulting from the conduct constituting a violation. *Sedima, S.P.R.L v. Imrex Co.*,

473 U.S. 479, 496 (1985). At issue in the Complaint is the advertisement and maintenance, from August to November 2023, of one short-term residential rental property. (*See* D.I. 1.) The Complaint does not identify which acts by Defendants amounted to criminal offenses, upon which Plaintiff's RICO claim is predicated. *See* 18 U.S.C. § 1961(1) (listing the federal criminal offenses that constitute "racketeering activity"). Likewise, the Complaint does not assert that each Defendant committed at least two predicate acts that "are related and that amount to or pose a threat of continued criminal activity," as is required to establish a pattern of racketeering activity. *H.J., Inc. v. Northwestern Bell Tele. Co.*, 492 U.S. 229, 239 (1989). Further, the Complaint does not allege the existence of either long-term criminal conduct, or the threat thereof, as is also required to establish a pattern of racketeering activity. *See id.* at 242 ("Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement."). Accordingly, Plaintiff's RICO claims, as stated, also fail as a matter of law.

Based on the foregoing, the Court cannot find that the Complaint raises a substantial federal question for jurisdictional purposes. *See Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015) (discussing difference between failing to state a claim for relief on the merits and raising "wholly insubstantial and frivolous" claims that fail even to raise a substantial federal question). To the extent that Plaintiff, instead,

intends to proceed based on diversity jurisdiction, the record does not support this basis for subject matter jurisdiction either.

The Court is unable to conclude that there is complete diversity of citizenship among the parties because Plaintiff has not identified the state of citizenship of Defendants Brighenti and Chesky. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 110 (3d Cir. 2015) (holding that a plaintiff must, in good faith and after reasonable investigation, allege that all defendants are not citizens of his own state of citizenship, for a diversity jurisdiction case to survive dismissal). Instead, where the Complaint requires Plaintiff to provide an address for Defendants Brighenti and Chesky, Plaintiff provides Defendant Airbnb's California address and indicates that Defendants Brighenti and Chesky shall be served "care of" Defendant Airbnb. (D.I. 1 at 3.) While Defendant Chesky admits in briefing that he is a citizen of California, there is no indication of Defendant Brighenti's citizenship in the record. (*See* D.I. 24 at 5.) As such, Plaintiff has not established complete diversity, and this case cannot proceed based on diversity jurisdiction.[1] Additionally, based on the

---

[1] This Court takes judicial notice of *Ly v. Chesky, et al.*, 3:24-cv-30002-MGM, where Plaintiff previously filed a Complaint in the United States District of Massachusetts, raising the same or similar claims against Defendants Chesky and Brighenti, which were dismissed by a May 15, 2024 Order (docketed at entry no. 25), stating the requirements of diversity jurisdiction and personal jurisdiction.

foregoing, it appears that Plaintiff has failed to timely and properly serve Defendants Brighenti and Chesky, in violation of Federal Rule of Civil Procedure 4(m).

Finally, Plaintiff has failed to respond to Defendant Airbnb's motion to compel arbitration and motion to dismiss (D.I. 25), contrary to this Court's December 23, 2024 Order (D.I. 41), which warned Plaintiff that failure to comply may result in dismissal of this case without prejudice for failure to prosecute. Pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." The Court considers six factors when determining whether case dismissal under these circumstances is appropriate:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

Upon review, the Court finds dismissal appropriate, given Plaintiff's failure to comply with the Court's Order to respond to Defendant Airbnb's motion (D.I. 25), which was preceded by Plaintiff's failure to comply with the Local Rules requiring response to Defendants Airbnb and Chesky's motions to dismiss (D.I. 23,

25), as well as Plaintiff's failure to comply with the Federal Rules regarding service of process on Defendants Brighenti and Chesky. Dismissal is also warranted by the Complaint's failure to either assert a substantial federal question, or otherwise establish this Court's subject matter jurisdiction. (*See* D.I. 1.)

## IV. CONCLUSION

At Wilmington this 3d day of February 2025, having reviewed and fully considered the Complaint (D.I. 1) and all pending motions in this case (D.I. 6, 8, 9, 10, 11, 12, 23, 25, 31, 32, 33, 34, 36, 37), IT IS HEREBY ORDERED:

1. Plaintiff's motion to take judicial notice of *Ly v. Chesky, et al.*, 3:24-cv-30002-MGM, filed in the United States District of Massachusetts, (D.I. 9) is **GRANTED**.

2. Plaintiff's Complaint (D.I. 1) is **DISMISSED** without prejudice for lack of jurisdiction and failure to prosecute.

3. All remaining pending motions (D.I. 6, 8, 10, 11, 12, 23, 25, 31, 32, 33, 34, 36, 37) in this matter are **DENIED** as moot.

4. The Clerk of Court is directed to **CLOSE** this case.

_____
The Honorable Gregory B. Williams