IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

---

MOHAMED LY,

Plaintiff,

v.

AIRBNB, INC.; BRIAN CHESKY; STEPHEN BRIGHENTI; AND DOES 1-100,

Defendants.

Case No. 1:24-cv-00921-GBW

---

**MOTION TO REOPEN AND TO RECTIFY THE GRAVE ERRORS OF DISMISSAL**

**PLAINTIFF'S MOTION TO REOPEN THE CASE IN LIGHT OF CLEARLY MISAPPLIED LEGAL STANDARDS,**

**PROCEDURAL MISTAKES, AND MANIPULATIVE DEFENSE TACTICS THAT DENIED PLAINTIFF DUE**

**PROCESS**

This motion is being filed as an alternative to an appeal and seeks to address the failures in the Court's dismissal of this case. Defendants and their counsel assert that Plaintiff has 1) failed to respond to the Motion to Dismiss and Compel Arbitration, and 2) made no claim against Airbnb. I vehemently reject these assertions and assert that the Court has gravely misinterpreted and overlooked the merits of Plaintiff's case.

The following addresses these points systematically:

1. **Failing to Protect Consumers on the Platform**:

   At no point in the proceedings did the Court consider the fundamental issue of consumer protection, which lies at the core of this dispute. Plaintiff's claims include severe harm caused by Airbnb's negligent management of properties, including the false advertisement of properties as luxury retreats when, in fact, they were infested with mold, rodent chemicals, and were riddled with flooding and health hazards. These misrepresentations by Airbnb are central to Plaintiff's claims and should have been fully examined by the Court. How can the Court dismiss such claims without properly assessing the fundamental issue of consumer harm? Airbnb's disregard for consumer safety and well-being is not only negligent—it is fraudulent.

2. **Viable Claims Against Airbnb**:

   Contrary to the Court's dismissal, Plaintiff has made **dozens of viable claims** against Airbnb that encompass a wide range of violations, including:

   o **False Advertising**: Airbnb misrepresented properties as luxury retreats when they were not fit for human habitation, causing both physical harm (health issues related to mold exposure) and financial harm (payments made for unsafe accommodations).

- ○ **Failure to Address Unsafe Conditions**: Airbnb ignored or failed to mitigate hazardous living conditions such as mold, rodent infestations, and flooding—exposing families to significant health risks.

- ○ **Breach of Trust and Unfair Business Practices**: Airbnb's pattern of providing misrepresented listings has defrauded consumers and violated basic consumer protection laws.

- ○ **Irreversible Harm and Injuries**: Plaintiff has suffered both physical injuries (due to slip-and-fall accidents caused by flooding and mold exposure) and financial injuries (incurred by paying for substandard accommodations under fraudulent pretenses).

These claims are substantiated by **multimedia evidence**, including photos, videos, communications, and forensic analysis of records that demonstrate Airbnb's systemic failure to protect its consumers. To suggest that no claim has been made against Airbnb is categorically false and misrepresents the reality of this case.

3. **Rebutting Defendants' Claims of No Response**:

Defendants and the Court assert that Plaintiff failed to respond to the Motion to Dismiss and Compel Arbitration, which is simply inaccurate. The record is clear: Plaintiff filed detailed, comprehensive responses that directly addressed the motion, since the original filing of this complaint until this day, particularly on November 19, with no less than 208 mentions of "arbitration" in vehement opposition to dismissal based on unconstitutional forced arbitration. The Court's claim that Plaintiff failed to respond is not supported by the docket or the filings themselves. Additionally, the **enormous** volume of Plaintiff's opposition responses to Defendants' motions demonstrates not only compliance with deadlines but a vigorous prosecution of this matter.

4. **Excessive Retaliation and Misapplication of Law**:

Even if the Court were to accept the inaccurate assertion that Plaintiff failed to respond, to dismiss the case outright based on this technicality is excessively retaliatory and abusive. Such a dismissal denies Plaintiff fundamental fairness, equity, and justice. The Court's decision to prioritize procedural gamesmanship over the substantive claims brought forward by Plaintiff is an error in both law and judgment. It is an **abuse of power** to dismiss this case without first allowing the **merits** to be fully adjudicated.

5. **Errors in the Court's Judgment and Analysis**:

Plaintiff requests that the Court recognize and rectify the grave errors made in dismissing this case. Below is a **detailed list** of all the ways in which the Court has misapplied the law and misinterpreted the facts, leading to an unjust decision:

- o **Failure to consider the substance of the claims**: The Court's dismissal is grounded not in the merits of the case, but in procedural technicalities that ignore the clear fraudulent and harmful actions of the Defendants.

- o **Improper reliance on forced arbitration**: The argument that arbitration applies in this case is unfounded, as there was no contract between the Plaintiff and Defendants that would require such arbitration. Plaintiff has refuted this claim repeatedly, and the dismissal based on this premise is a critical error.

- o **Inadequate treatment of fabricated evidence**: The Defendants have introduced false and misleading documents into the record, which have been designed to mislead the Court. The Court failed to address this issue directly, which has led to a miscarriage of justice.

- o **Mistaken conclusion that Plaintiff failed to respond to motions**: The record clearly shows that Plaintiff responded timely and comprehensively. The Court's claim that Plaintiff failed to respond lacks any factual basis and should be corrected.

6. **Court's Disregard for the Facts**:

At no point did the Court address the substantive claims of fraud, misrepresentation, and personal injury that form the foundation of this case. Instead, the Court allowed the Defendants' procedural distractions to deflect from the undeniable facts of the case. The Plaintiff's claims have been substantiated with **multimedia evidence**—including **videos, photos, and communications**—which clearly demonstrate that Defendants acted with negligence and intentional misrepresentation.

7. **The Role of Procedural Gamesmanship**:

The defense's strategy has been to **obfuscate and delay**, using procedural tactics to avoid confronting the merits of the case. Plaintiff's attempts to bring these issues to light have been met with evasion and distraction. The Defendants have used their legal resources not to address the claims of wrongdoing but to evade accountability.

8. **Failure to Apply Principles of Justice and Equity**:

The Plaintiff's constitutional and legal rights to **due process** and **fair treatment** have been violated by the Court's dismissal. The Court has allowed the **rich and powerful** to use procedural gamesmanship and legal maneuvering to evade responsibility for their **criminal actions**. This perpetuates an environment in which wrongdoers are rewarded, and victims are denied justice.

The **judiciary system must not condone** such practices, which undermine public trust in the legal system.

**SUMMARY TABLE OF ERRORS**

| Issue | Court Error | Plaintiff's Argument | Proper Action |
|---|---|---|---|
| **Misapplication of Personal Jurisdiction** | Generic application of jurisdictional standards to all Defendants | Airbnb has sufficient contacts with the forum state; Chesky has unilateral control over Airbnb, establishing his jurisdiction. | Reopen case, correct jurisdictional error, apply individual analysis for all Defendants. |
| **Failure to Address Fraud and Misrepresentation Claims** | Court failed to address Plaintiff's substantial claims of fraud and market manipulation | Plaintiff has documented fraudulent property listings, unsafe conditions, and fraudulent insurance claims. | Reopen case, adjudicate fraud and misrepresentation claims on their merits. |
| **Incorrect Dismissal Based on Procedural Issues** | Procedural dismissal despite timely filings | Plaintiff filed responses to motions to dismiss and arbitration motions on time, which the Defendants failed to address substantively. | Reopen case, correct dismissal, allow claims to be adjudicated on merits. |
| **Malicious Evasion of Service** | Defendants obstructed service, particularly Chesky's interference | Chesky's obstruction of service violates due process; the Court must not reward evasions that hinder justice. | Reopen case, enforce proper service and sanction evasion tactics. |
| **Failure to Apply Individual Legal Standards** | Court treated all Defendants under the same legal analysis, ignoring distinct facts | Each Defendant's circumstances must be analyzed independently, especially considering the unique roles of Airbnb, Chesky, and Brighenti. | Reopen case, apply individualized analysis to each Defendant. |
| **Failure to Address Plaintiff's Claims** | Court did not consider Plaintiff's thorough claims of fraud and consumer harm | Plaintiff's claims are backed by evidence, and Defendants did not substantiate or contest them meaningfully. | Reopen case, allow full discovery and trial on fraud claims. |

Plaintiff vehemently rejects the assertion made by the Defendants and the Court regarding a failure to prosecute or respond to the compelled UNCONSTITUTIONAL forced arbitration. The truth is that Plaintiff **filed multiple responses, including on November 24, 2024, under filing**, well in advance of any deadlines imposed by the Court. This timely filing fully complies with the necessary requirements, directly addressing the matters at hand, including any motions related to arbitration.

It is erroneous and misleading for the Defendants to claim (and the Court to conclude without considering the record's body of countless motions filed in opposition) that Plaintiff did not meet their obligations. The Court should recognize that **Plaintiff has taken all necessary and appropriate steps to ensure the case continues on its rightful path,** including filing comprehensive responses within the prescribed timeframes.

Any claims of delay or failure to prosecute by the Defendants are without merit and serve only to distract from the substantive issues and evidence of fraud and misrepresentation that have been clearly established.

**Principles and Legal Precedents Supporting Reopening**:

- **Due Process**: The fundamental right to be heard and present one's case must be honored. The Court's failure to address the substantive claims constitutes a violation of due process.

- **Equity and Fairness**: The principle that all parties must be treated equally and fairly before the law has been violated. The Defendants have had every opportunity to address the merits of the case, but instead, they have evaded it at every turn.

- **Precedents on Arbitration**: As repeatedly and consistently argued throughout this docket, in cases where no enforceable contract exists, the use of arbitration cannot be compelled. The

Court failed to properly analyze the absence of a contract and the inapplicability of forced

arbitration. Plaintiff has not failed to prosecute. Quite the contrary.

Without question, Plaintiff seeks justice and will not be deterred. Plaintiff Mohamed Ly ("Lead Plaintiff"),

by and through his own diligent efforts in this pro se litigation, respectfully moves this Court to **Reopen**

this case for further adjudication, pursuant to the grounds outlined herein. Plaintiff submits that the

**Court's dismissal** of this case was premised on a **grave error** in **misapplication of personal jurisdiction**,

**failure to individually assess defendants**, and **false procedural narratives** propagated by Defendants'

legal team. The failure to address the overwhelming evidence of fraud, consumer harm, and corporate

malfeasance, compounded by Defendants' **obstructionist tactics**, demands the **immediate reopening of**

**this case** for justice to be served.

Additionally, Plaintiff demands a **jury trial** in accordance with his rights under the Seventh Amendment

of the U.S. Constitution, as this matter involves claims for fraud, misrepresentation, and consumer harm,

which are **clearly suitable for adjudication by a jury of peers**. Plaintiffs has **not** failed to prosecute. The

Docket its is evidence to dogged and undeterred prosecution, in the face of persistent evasion tactics—

both in substance and volume—in relentless pursuit of justice, despite the glaring fact that neither the

court nor the defendants have not even once considered the merits of the complaint based on facts of

the matter and irrefutable evidence brought forth. Furthermore, the court has not considered reported

frauds perpetrated upon this very court. The rich and powerful get a pass (again), in total breach of the

contract between the government and the people.

**I. THE COURT HAS GRAVELY ERRED—IT HAS AN OBLIGATION TO TAKE ACCOUNTABILITY**

Plaintiff respectfully submits that the dismissal of this case was the product of **procedural**

**misapplications, misleading defenses, and a failure to consider the overwhelming factual record**.

Specifically, the Court's dismissal was based on an improper **one-size-fits-all** application of legal standards, where **Defendants' unique roles**—as a corporate entity, executives, and individuals—were not **individually considered**.

Plaintiff is unequivocally committed to **pursuing justice** and **uncovering the full extent of fraud and harm** caused by Airbnb, its executives, and other responsible parties. The issues at hand go far beyond procedural motions; they touch upon **systemic fraud, marketplace abuse**, and **corporate negligence**, which directly harmed Plaintiff and countless other consumers. **Reopening this case** is the only way to allow the **merits of the claims** to be heard and to **hold Defendants accountable** for their actions.

**II. ARGUMENT**

**A. THE COURT GRAVELY ERRED IN DISMISSING THE CASE WITHOUT CONSIDERING THE UNIQUE CIRCUMSTANCES OF EACH DEFENDANT**

Plaintiff contends that the dismissal was based on **misapplied legal standards**. In dismissing the case, the Court erroneously failed to assess each Defendant **individually** based on the **specific facts** and **standards** applicable to them. This failure resulted in an **undue blanket dismissal** that ignores the distinct factual scenarios related to the **corporate defendant, Airbnb,** and the **individual defendants**, including **CEO Brian Chesky** and **Defendant Stephen Brighenti**.

- **Diversity Jurisdiction**: The Court also improperly **conflated** the issue of diversity jurisdiction for all Defendants without properly applying the correct standards to **Airbnb** (<u>a corporate entity</u>) and its <u>individual Defendants</u>. **Brian Chesky's California citizenship** and **Stephen Brighenti's Connecticut citizenship** were both **undisputed**, and should have been evaluated **separately**, not subject to blanket rulings or misapplied tests.

- **Proper Service**: Service of process on **Airbnb as a corporation** was properly effectuated. However, **Brian Chesky deliberately** obstructed service by instructing his **registered agent** to strike his name from the summons, thus evading service and making a **mockery of the judicial process**. The Court should not **reward such deceitful tactics** by dismissing the case. This action should have been **properly remedied** by issuing **new service** on Chesky, as was done. Dismissal, especially based on fabricated or evasive service arguments, violates due process and fairness.

## B. DEFENDANTS' REQUEST TO WITHDRAW DISCOVERY DEMANDS IS A TACTICAL EVASION OF ACCOUNTABILITY

Plaintiff's **discovery requests**, which were duly served in January 2025, were designed to uncover the full scope of **fraudulent practices** and **systemic harm** perpetrated by Airbnb. These discovery demands, far from being frivolous or unmerited, are essential to **hold Defendants accountable** for their actions and uncover the **truth** about the misconduct at Airbnb, under Brian Chesky's direct control.

- **False Narrative About Discovery**: Defendants' assertion that Plaintiff failed to respond to motions is **misleading**. The truth is that Plaintiff made multiple responses, including filing **timely responses** to the **Motion to Compel Arbitration** and **Motions to Dismiss**.

- **Failure to Confront Fraud**: Defendants' tactic of obstructing discovery and shifting the focus to procedural issues is an attempt to **evade accountability**. At no point did the Defendants challenge the **underlying merits of Plaintiff's claims**, nor did they engage with the overwhelming evidence presented in Plaintiff's filings. Their refusal to directly confront the **fraudulent conduct** and **misrepresentation of Airbnb's property listings** serves only to highlight their **culpability**.

## C. THE COURT'S DECISION TO DISMISS THIS CASE WAS PREMATURE AND PUNITIVE, PARTICULARLY GIVEN THE FAILURE TO CONSIDER THE MERITS OF PLAINTIFF'S CLAIMS

The Court's dismissal was **excessively punitive**. Given that **the overwhelming evidence** supports Plaintiff's claims of **fraud, negligence**, and **consumer harm**, the decision to dismiss without examining these facts was both unjust and retaliatory. Plaintiff has persistently argued that Airbnb **deliberately misrepresented** properties, exposed customers to unsafe living conditions, and defrauded insurance companies to avoid liability for unsafe properties.

- **Plaintiff's Claims Are Supported by Substantial Evidence**: The **mold infestation** and **unsafe living conditions** in Airbnb properties were not only **documented** but also **well-documented in the Plaintiff's responses**. Any claims that Plaintiff failed to establish valid claims are misleading and **inaccurate**.

- **Judicial Prudence Requires Full Review**: The Court must weigh the **substantive merits** of Plaintiff's claims before making a final ruling. Given that **due process** was not adequately followed, the Court should not have **dismissed the case** based on procedural maneuvering alone. The matter at hand is of **substantial public interest** and involves **egregious corporate misconduct** that must be fully examined.

**Failure to Recognize Multiple Responses to Motion to Dismiss and Compel Arbitration**

**Error**: The Court failed to properly acknowledge the **multiple responses** and **redundant filings** made by Plaintiff to the **Defendants' motions** to dismiss and compel arbitration. Specifically, the **Plaintiff submitted responses** to the motion to dismiss for lack of jurisdiction, including **oppositions to the motion to compel arbitration**, and these were filed **well in advance of any deadline**. The fact that these responses were made, **repeatedly**, was **never adequately addressed** by the Court in its ruling, leaving the Plaintiff's arguments against both motions essentially unexamined.

**Court's Disregard for the Facts**:

At no point did the Court address the substantive claims of fraud, misrepresentation, and personal injury

that form the foundation of this case. Instead, the Court allowed the Defendants' procedural distractions to deflect from the undeniable facts of the case. The Plaintiff's claims have been substantiated with **multimedia evidence**—including **videos, photos, and communications**—which clearly demonstrate that Defendants acted with negligence and intentional misrepresentation.

**The Role of Procedural Gamesmanship**:

The defense's strategy has been to **obfuscate and delay**, using procedural tactics to avoid confronting the merits of the case. Plaintiff's attempts to bring these issues to light have been met with evasion and distraction. The Defendants have used their legal resources not to address the claims of wrongdoing but to evade accountability.

**Grave Misapplication of Personal Jurisdiction:**

The most troubling aspect of the Court's dismissal is the misapplication of personal jurisdiction standards. Personal jurisdiction is clearly established over Airbnb, the corporate entity, as well as Defendant Brian Chesky. It is important to note that Brian Chesky has publicly acknowledged his unilateral control over Airbnb, making him directly responsible for the corporation's actions and policies.

As the CEO, Brian Chesky is not only subject to personal jurisdiction in this case due to his substantial and continuous contacts with the forum state, but his own statements directly contradict any defense based on lack of jurisdiction. In various media appearances, including an interview with The Verge, Chesky declared, "I control everything." This statement reinforces the direct and purposeful connection he has with the company and its operations, which indisputably reach into Delaware. The Court must recognize that personal jurisdiction over Chesky is established due to his direct involvement in Airbnb's actions that have caused harm to Plaintiff.

The **Court's failure to individually assess each Defendant's circumstances** has led to a wrongful and overly broad dismissal, ignoring the distinct and undeniable grounds for jurisdiction over both Airbnb and Brian Chesky.

**The Failure to Consider the Claims Against Brian Chesky and Stephen Brighenti:**

In addition to personal jurisdiction, the Court's dismissal failed to consider the unique claims made against Defendants Brian Chesky and Stephen Brighenti. Chesky, as the CEO, is personally accountable for Airbnb's business practices, which have been central to the Plaintiff's claims. The Court has erroneously applied a uniform analysis to all Defendants without recognizing the personal accountability of Chesky and Brighenti for the fraud and misconduct perpetuated by Airbnb.

Specifically, Chesky's role in overseeing Airbnb's operations—including property vetting, guest safety, dispute resolution, and consumer complaints—has been repeatedly acknowledged throughout the proceedings. His direct oversight of these areas positions him squarely within the scope of the Plaintiff's claims. Similarly, Stephen Brighenti, as a key figure within Airbnb's management, must also be held accountable for the policies and practices that led to the harm suffered by Plaintiff.

By dismissing these claims on a blanket basis, the Court has failed to properly apply the law and ensure accountability for individuals directly responsible for the misconduct at the heart of this case.

**Failure to Address False Advertising and Deceptive Practices:**

Plaintiff's claims of fraud and misrepresentation must not be dismissed. These claims are not only supported by the facts but are further bolstered by Airbnb's systematic false advertising. Specifically, Airbnb presented properties as luxury retreats, charging exorbitant prices, when in fact these properties were unsafe, unsanitary, and infested with mold and other health hazards.

The Court has yet to address these substantive allegations, choosing instead to focus on procedural objections raised by Defendants. The failure to investigate and address the core claims of deceptive

advertising and consumer fraud not only denies justice to the Plaintiff but also undermines the public interest by allowing corporate wrongdoing to go unpunished.

Airbnb has consistently misled its customers about the safety and condition of its listings, resulting in widespread harm to unsuspecting renters. This conduct is actionable and must be fully examined in court.

**The Flawed Application of Procedural Dismissal:**

It is critical to underscore the disproportionate application of procedural dismissal in this case. Defendants' reliance on technicalities and misrepresentations regarding Plaintiff's procedural compliance with deadlines for responses does not justify a full dismissal of the case. Dismissal should be a remedy of last resort, and here, it was unjustly employed in response to alleged procedural shortcomings that were either mitigated by Plaintiff's previous filings or outright fabricated by the defense.

Plaintiff's filings were comprehensive, and any minor discrepancies in procedural compliance should have been addressed with corrective measures, such as granting extensions or issuing a clarifying order, rather than the draconian action of dismissal. This approach fails to uphold the principles of justice and fairness that the legal system is meant to protect.

**Disregard for Fraudulent Evidence and Breaches of Trust:**

At no point has Defendants' introduction of fraudulent evidence, false records, and misleading information been directly challenged by the Court. The evidence of manipulated documents, including fabricated and falsified records submitted by Airbnb's counsel, has never been sufficiently examined. This deliberate introduction of false testimony, digital manipulation, and spoliation of evidence cannot be ignored, as it directly undermines the integrity of the judicial process.

Plaintiff's request for discovery and evidence production is not a mere procedural tactic but is necessary to expose the full extent of Airbnb's fraudulent conduct. The Court must not reward these actions by allowing the case to be dismissed without a thorough investigation into these severe breaches of trust.

**The Court's Duty to Ensure Justice and Accountability:**

The Court's decision to dismiss this case without fully considering the gravity of Plaintiff's claims sends a dangerous message—that corporations like Airbnb can evade responsibility for their systemic fraud, consumer harm, and marketplace manipulation. This case is not about minor procedural mistakes; it is about holding a corporate giant accountable for its deliberate and harmful practices.

Plaintiff's determination to seek justice should not be met with dismissal, but with the full examination of the facts and claims brought forth. Every effort has been made to comply with the Court's rules, and Plaintiff has consistently fought to ensure that the full scope of the fraud committed by Airbnb is exposed. The Court has an obligation to ensure that this case is not dismissed on procedural grounds but is given the chance to proceed to trial, where justice can be served.

**Failure to Apply Principles of Justice and Equity**:

The Plaintiff's constitutional and legal rights to **due process** and **fair treatment** have been violated by the Court's dismissal. The Court has allowed the **rich and powerful** to use procedural gamesmanship and legal maneuvering to evade responsibility for their **criminal actions**. This perpetuates an environment in which wrongdoers are rewarded, and victims are denied justice. The **judiciary system must not condone** such practices, which undermine public trust in the legal system.

**Inconsistent Application of Legal Standards:**

The Court's approach to dismissing this case demonstrates a fundamental misunderstanding of how personal jurisdiction, service of process, and procedural compliance should apply to each Defendant. By conflating the claims against Airbnb, Brian Chesky, Stephen Brighenti, and Does 1-100, the Court has

failed to properly consider the individual facts, legal standards, and unique circumstances surrounding each Defendant. This is a critical error, as each Defendant has distinct ties to the case, with some being subject to the Court's jurisdiction and others evading it based on misleading claims and deceptive practices.

In particular, Airbnb as a corporate entity, has been shown to squarely fall within the Court's jurisdiction. There is no legitimate challenge to Airbnb's corporate status or its presence in Delaware. However, the Court's myopic focus on procedural objections related to service and jurisdiction for Brian Chesky, without fully recognizing the separate and distinct facts that support Airbnb's jurisdiction, has led to an unjust dismissal. This mistake must be rectified to ensure that each Defendant is individually assessed, based on its unique role in the misconduct alleged.

**Legal Argument**:

- The **Plaintiff has been consistently diligent** in responding to all motions filed by the Defendants, including the **motion to dismiss** and the **motion to compel arbitration**.

- Multiple responses were filed, including one on **October 24, 2024** (referencing filing made on November 19, before and after), a full **12 days ahead of the deadline** set by the Court, fully addressing the issues raised. This entire docket from initial filing and throughout, is riddled with countless timely Plaintiffs' motions in oppositions to Defendants' baseless motions to dismiss and force unconstitutional forced arbitration.

- The **failure to recognize** these filings as part of the official record or address them adequately is a **grave error** that has impacted the fair administration of justice in this case.

- Furthermore, these filings were not only filed in Delaware, but they were also clearly **incorporated from earlier filings in Massachusetts**, which, though evaded on the basis of lack of jurisdiction, directly pertain to the **continuing actions and omissions by the Defendants**, including **fraudulent misrepresentations** and **consumer abuse** on Airbnb's platform.

- **Delaware is the undisputed jurisdiction** in this case, as evidenced by Plaintiff's continued filings in this jurisdiction, and any evasion or misdirection related to personal jurisdiction should have been addressed.

**Conclusion**: The **failure to recognize Plaintiff's previous filings** has resulted in an **unjust dismissal** based on inaccurate procedural assumptions. This omission severely undermines the Plaintiff's right to be heard and should be rectified by reopening the case.

---

**Jurisdictional Clarification and Error in Dismissing Based on Lack of Personal Jurisdiction**

**Error**: The Court incorrectly dismissed the case, applying a **lack of personal jurisdiction** as a blanket dismissal without fully analyzing the facts of the case or considering **Delaware's undisputed jurisdiction**. The Court treated the issue of jurisdiction as if it were uniform for all Defendants, failing to consider the individual facts, particularly regarding Airbnb, **Brian Chesky**, and **Stephen Brighenti**.

**Legal Argument**:

- **Delaware is undisputed jurisdiction**, as **Airbnb** has continuously operated within the forum state and **Brian Chesky** has significant personal ties to its operations, admitting in public forums that he **controls everything** within Airbnb, including its policies, decisions, and internal practices.

- The **Defendants did not contest Delaware jurisdiction** for Airbnb itself, but focused on the **personal jurisdiction over individual Defendants**, particularly **Brian Chesky**.

- Given **Chesky's centralized role**, **personal jurisdiction** over him is firmly established by his control over Airbnb's operations, as he publicly acknowledged. Moreover, **Chesky** cannot evade jurisdiction merely by claiming to be **the sole authority** within the company.

- **Brighenti**, also a resident of **Connecticut**, has not been challenged by the Defendants on jurisdiction, and his ties to Delaware have NEVER been disputed.

Plaintiff Mohamed Ly, pro se, respectfully moves this Court to **reopen** the above-captioned case following the Court's recent dismissal, and to **deny Defendants' motions** for procedural dismissal. The Plaintiff asserts that the dismissal was the result of **grave errors** in legal analysis and failure to consider key facts that are critical to the pursuit of justice in this matter. Specifically, the **Plaintiff contends that the Court:**

1. **Improperly dismissed** the case without properly addressing Plaintiff's multiple responses to the **motions to dismiss** and **compel arbitration**, which were filed well within time.

2. **Misapplied personal jurisdiction**, failing to properly analyze the specific circumstances of each Defendant, particularly in regard to the corporate entity **Airbnb** and **Brian Chesky**'s direct involvement in orchestrating the fraudulent conduct.

3. **Failed to recognize** Delaware's undisputed jurisdiction over **Airbnb** as a corporate entity and **Brian Chesky** as its CEO.

4. **Omitted significant evidence** of fraud, deception, and consumer harm, particularly as it pertains to Plaintiff's claims related to **mold exposure**, **false advertising**, and **fraudulent insurance claims filed by Airbnb**.

**ARGUMENTS FOR REOPENING**

**The Need for Thorough Consideration of Claims:**

It is essential that the Court reassess Plaintiff's claims, particularly with respect to the clear and irrefutable evidence of fraud, misrepresentation, and consumer harm. The failure to properly investigate and address these allegations is a grave error. Plaintiff has presented substantial evidence that Airbnb's business model, led by Brian Chesky, is inherently deceptive and designed to defraud consumers. These are not trivial claims, nor are they procedural nitpicks; they are the foundation of the case, and they demand the Court's full attention.

Plaintiff has also demonstrated that Airbnb's advertising of unsafe and uninhabitable properties is systemic, as is its failure to protect consumers from fraudulent listings. The Court must not allow the defendants to escape accountability for these significant harms by dismissing the case on grounds that fail to address the true issues at hand.

**The Court's Role in Upholding Justice:**

This case goes far beyond procedural technicalities. It is about holding a corporate giant accountable for its fraudulent business practices, which have caused significant harm to consumers. The Court must ensure that justice is not only done, but seen to be done. Allowing this case to be dismissed would reward bad faith practices and perpetuate a system where corporations can evade accountability by manipulating the legal process.

Plaintiff has consistently demonstrated diligence and good faith in prosecuting this case. The repeated filings, responses, and legal arguments have all been in service of bringing the truth to light and ensuring that Airbnb and its executives are held accountable for their actions. Dismissing the case would not only be unjust, but would undermine the principle that justice must be served, regardless of a party's size, influence, or resources.

### I. The Court Overlooked Multiple Responses and Filings Made by Plaintiff

To preemptively obliterate any argument/basis/foundation for the claim of failure to prosecute, the entire body of this docked was intentionally boobytrapped with motions that redundantly oppose the baseless motions filed by Defendants without ever confronting the facts the case—**not once have Defendants denied the facts in this case**. **Ever**.

Plaintiff **submitted responses** to **motions to dismiss** and **arbitration motions** well before the set deadline. The Defendant's false narrative, suggesting **no response** was filed, misled the Court into dismissing the case. The Court must consider these filings and reopen the case to allow Plaintiff's claims to be heard on their merits. Perhaps, this was an oversight by the court, caused by repeated such false claims by Defendants.

### II. Personal Jurisdiction Over All Defendants Is Clearly Established

Delaware is the undisputed jurisdiction for this case. **Airbnb** operates within the forum state, and **Brian Chesky's** personal role and control over Airbnb's operations establish **personal jurisdiction** over him. The Court must recognize this jurisdiction and dismiss the erroneous claims related to lack of jurisdiction.

### III. Defendants' Procedural Tactics Were Designed to Evade Accountability

Defendants have continuously employed procedural gamesmanship, including evading service, filing motions to dismiss on baseless grounds, and **introducing fabricated evidence** to mislead the Court. These actions have caused unnecessary delays and have obstructed justice.

### IV. Fraud, Misrepresentation, and Consumer Harm Must Be Fully Addressed

The Plaintiff's claims of **fraud** and **consumer harm** must be thoroughly examined. The **$40,000 luxury**

**property** that turned out to be unsafe and infested with mold, as well as the **fraudulent insurance claim** filed by Airbnb, demand the Court's attention and action.

---

**RELIEF REQUESTED**

**Relief Sought by Plaintiff:**

Given the overwhelming facts and evidence in support of Plaintiff's claims, and the grievous errors made by the Court in dismissing this case, Plaintiff respectfully requests the following relief:

1. **REOPEN** this case and proceed with a **full and fair hearing** of all claims, free from procedural evasion tactics by the Defendants, and deny **Defendants' motions to dismiss**.

2. **Reversal of the Dismissal Order:** Plaintiff respectfully requests that the Court reconsider and reverse the dismissal order, given that it was based on an improper application of the law, a misunderstanding of the facts, and procedural errors.

3. **Correct the procedural errors** related to **service** and **jurisdiction**, specifically in relation to **Brian Chesky** and **Stephen Brighenti**.

4. **Reaffirm** Delaware's jurisdiction over:

    1. **Airbnb**,

    2. **Brian Chesky**,

    3. **Stephen Brighenti**, and

    4. All **Co-Defendants**.

5. **Deny** Defendants' motion to dismiss and all **related procedural motions** that have been filed to **evade accountability**.

6.  **Reinstate the case** based on **clear and undeniable evidence** of fraud and corporate

    malfeasance.

7.  **Allow Full Discovery to Proceed:** Plaintiff requests that the Court allow full discovery to

    proceed, ensuring that all relevant evidence is brought to light. The discovery process is vital to

    exposing the full scope of Airbnb's fraudulent conduct and the harm caused to consumers.

8.  **Issue Sanctions for Obstruction of Discovery:** Plaintiff respectfully requests that the Court issue

    sanctions against Airbnb and its counsel for their bad faith actions, including the introduction of

    fabricated evidence and their attempts to hinder the discovery process.

9.  **Establish Jurisdiction over All Defendants:** Plaintiff requests that the Court reaffirm jurisdiction

    over all Defendants, particularly Airbnb, Brian Chesky, and Stephen Brighenti, as their actions

    and connections to the forum state have been clearly established.

10. **Grant Plaintiff a jury trial**, as the issues involved are of public importance and warrant a fair and

    impartial trial.

11. **Impose sanctions** for the introduction of **false evidence** and **obstruction of service**.

12. **Proceed to Trial:** Plaintiff requests that this matter proceed to trial, where the facts can be fully

    presented and justice can be served. Plaintiff is entitled to a fair trial, and the evidence clearly

    supports the claims of fraud, misrepresentation, and consumer harm.

13. **Any Additional Relief the Court Deems Just and Necessary:** Plaintiff respectfully requests any

    further relief the Court deems just and necessary to rectify the error in dismissing this case and

    to ensure that justice is served.

14. **Impose appropriate sanctions** on Defendants and their Counsels for their **obstructionist tactics**,

    including the **submission of fraudulent records** and **fabricated evidence** to evade justice.

15. Any further relief this Court deems just and appropriate in ensuring that **justice is served** and **fairness is restored**.

## III. CONCLUSION

Plaintiff requests that the Court **REOPEN** this case based on the errors outlined above, and ensure that the matter proceeds in accordance with justice and the facts of the case. The Court should take into account the **individual circumstances** of each Defendant, **correct the misapplications** of jurisdiction and procedural rules, and allow for full consideration of the **substantive merits** of Plaintiff's claims. Furthermore, the Court should **rectify** the harm done to the Plaintiff by **acknowledging the fraud and systemic abuses** carried out by Airbnb under Brian Chesky's leadership.

Plaintiff respectfully requests that the Court reconsider its Order of Dismissal and reopen the case for full adjudication. The claims presented are substantial and supported by significant evidence. The dismissal based on procedural misapplications has denied the Plaintiff the opportunity to present the full scope of the case. The Plaintiff seeks a trial on the merits, imposition of sanctions for Defendants' misconduct, and a fair opportunity to present all evidence.

**Respectfully submitted,**

Mohamed Ly

Dated: November 19, 2024

Lead Plaintiff

**ADDENDUM**

**Obligations of the Court and Responsibility to Rectify Its Erros**

In light of the **egregious errors** committed by the Court in this matter, it is essential to address the **fundamental obligations** of the Court in ensuring justice, fairness, and accountability in all legal proceedings. The following principles outline the critical duties of the Court and how it has failed to meet these responsibilities in this case:

1. **Upholding Due Process** – The Court has an **obligation** to ensure that all parties receive a fair trial, have the opportunity to present evidence, and are treated equally under the law. By prematurely dismissing this case and disregarding the substantial evidence provided by Plaintiff, the Court has failed to provide Plaintiff with a fair opportunity to have his claims heard on their merits. This failure undermines the **fundamental principle of fairness** and violates Plaintiff's **constitutional rights** to due process.

2. **Impartiality and Fair Judgment** – The Court must make decisions based on facts, legal precedent, and the rule of law, free from bias or external influence, and devoid of procedure traps/evasions by unscrupulous Defendants. However, the Court's dismissal of the case was **influenced by procedural technicalities** rather than the **substantive claims of fraud** and **consumer harm** raised by Plaintiff, not just in the marketplace, but right in the face of this Court. By failing to fully assess the evidence of fraud and misrepresentation by Airbnb, the Court has erred in its judgment and allowed the **procedural gamesmanship** of the Defendants to dictate the outcome, rather than impartially considering the facts.

3. **Ensuring Accountability** – The Court is obligated to hold individuals and entities responsible for their actions through appropriate legal consequences, whether civil, criminal, or administrative. In this case, Defendants—including Airbnb, its executives, and its affiliates—have **engaged in**

**fraudulent practices** that harmed consumers. By dismissing the case without addressing these claims, the Court has allowed these Defendants to evade accountability and **avoid the legal consequences** of their actions, denying justice for the Plaintiff and potentially thousands of other consumers.

4. **Providing Just Remedies** – The Court must issue fair sentences, compensation, or corrective measures that align with the severity of the wrongdoing and aim to restore justice. In this matter, Plaintiff has suffered **irreversible physical harm** and **financial loss** due to Airbnb's **fraudulent practices**. The Court's dismissal of the case has denied Plaintiff the opportunity to receive **fair remedies**, including compensation for the harm caused, as well as a **chance to hold Defendants accountable** for their fraudulent actions.

5. **Transparency and Public Trust** – The Court is responsible for maintaining openness in legal proceedings to ensure confidence in the judicial system and its commitment to justice. By failing to properly address the substantive claims of fraud and harm and by dismissing the case based on procedural misapplications, the Court has undermined the **public trust** in the **fairness and integrity** of the legal system. The actions of the Court in this case risk sending the message that the **wealthy and powerful** can evade justice through **procedural maneuvering**, rather than being held accountable for their actions.

6. **Protecting Rights** – The Court is entrusted with safeguarding the rights of all involved, including victims, defendants, and the public, to prevent injustice and uphold fundamental freedoms. Plaintiff's rights to a **fair trial**, **due process**, and **access to justice** have been violated by the Court's decision to dismiss the case prematurely, without fully examining the evidence or considering the full scope of Plaintiff's claims. The Court must **protect Plaintiff's rights** and

ensure that this case is heard on its **merits**, so that justice can be served and the Plaintiff's **rights to seek redress** for his injuries are upheld.

---

**Conclusion:**

In failing to uphold these **fundamental obligations**, the Court has committed significant errors that deny the Plaintiff access to justice. The **procedural gamesmanship** of the Defendants should not be allowed to take precedence over **justice and fairness**, and Plaintiff respectfully requests that the Court reconsider its dismissal of the case, **reopen the matter**, and allow the claims to be **properly adjudicated** based on the **substantive evidence** and **merits** of the case.

The Plaintiff's claims are substantial, well-supported by evidence, and deserving of a **fair hearing** in this Court. By ensuring that these obligations are fulfilled, the Court will not only correct the errors of its initial decision but also reaffirm the **integrity of the judicial process** and its commitment to **accountability**, **fairness**, and **justice** for all parties involved.

**BELOW IS A DETAILED, COMPPOUNDING INVENTORY AND ANALYSIS OF ALL THE WAYS IN WHICH THIS COURT HAS ERRED AND PROPOSED CORRECTIONS:**

**Inventory of Court's Errors**

**1. Misapplication of Personal Jurisdiction**

**Error**: The Court incorrectly applied a blanket dismissal on **personal jurisdiction** without giving proper consideration to the **individual circumstances** of each Defendant.

**Analysis**: Personal jurisdiction is a fundamental aspect of due process that ensures that a defendant is

not unfairly called into a foreign court. The Court applied the **same jurisdictional standards across all Defendants**, including the corporate entity **Airbnb** and the individual **Defendants—Brian Chesky** and **Stephen Brighenti**—without analyzing each of their **specific connections to the forum state**.

**Key Argument**:

- **Airbnb**, as a corporate entity, **operates extensively** within the forum state and is unquestionably **subject to personal jurisdiction**.

- **Brian Chesky** has publicly admitted to having **unilateral control** over Airbnb's operations, thus establishing **continuous and systematic contacts** with the forum state.

- **Stephen Brighenti**, a citizen of **Connecticut**, was never properly challenged by the Defendants, and his connection to the forum state has not been contested.

**Conclusion**: The Court erred in applying a **blanket** jurisdictional standard across all Defendants without a proper, individualized **assessment** of each one.

---

**2. Failure to Properly Assess Claims of Fraud and Consumer Protection Violations**

**Error**: The Court failed to **address the actual substance of the Plaintiff's claims**, particularly the **fraud**, **misrepresentation**, and **consumer harm** allegations.

**Analysis**: The **Plaintiff's claims** were not adequately addressed by the Court in its dismissal decision. The Defendants' **attempted procedural evasion** and their failure to confront the factual assertions made by the Plaintiff—especially regarding the **$40,000/month luxury property misrepresentation**, **unsafe conditions**, and **fraudulent insurance claims**—resulted in **the Court overlooking the merits** of the case.

**Key Argument**:

- The Plaintiff has **ample evidence** supporting fraud, including **documented proof** of Airbnb's deliberate **misrepresentation of the property**.

- **Airbnb's corporate model** is explicitly designed to **prioritize profit** over consumer safety, which directly led to Plaintiff's **physical harm** and **financial loss**.

- The **fraudulent insurance claim filed by Airbnb** with **Generali** is also a significant and unresolved issue that the Court did not adequately address.

**Conclusion**: The Court **failed to engage** with the **core issues of fraud** and **consumer protection**, focusing instead on procedural matters.

---

**3. Incorrectly Dismissing the Case Based on Procedural Defects Instead of Merits**

**Error**: The Court improperly focused on **procedural issues,** such as the timing of responses and the issue of **arbitration**, while ignoring the **substantive merits** of the Plaintiff's case.

**Analysis**: The **Plaintiff filed responses** to the **motion to dismiss** and the **motion to compel arbitration** well before the deadline. Furthermore, the **Defendants' claim** that no response was filed is misleading and incorrect. This false narrative led to a **procedural dismissal** rather than a fair evaluation of the **substantive claims** at hand.

**Key Argument**:

- The **Plaintiff filed timely responses** addressing the arbitration motion and dismissal arguments.

- The **Defendants' failure** to provide substantive defenses, particularly **on the merits of the claims**, is evident from their repeated **procedural tactics**.

**Conclusion**: The Court **overemphasized procedural issues** instead of focusing on the **substance of the case**, leading to a **misapplication of justice**.

---

**4. Failure to Correct Defendants' Malicious Evasion of Service**

**Error**: The Court failed to properly address **Brian Chesky's intentional obstruction** of service of process by **instructing the agent to strike his name** from the summons.

**Analysis**: **Brian Chesky's deliberate evasion** of service is a clear violation of the **fundamental principles of due process**. Despite this, the Court erroneously applied the same service standard to **all Defendants**, failing to acknowledge the **deliberate misconduct** by Chesky in obstructing the service of the summons.

**Key Argument**:

- Chesky's actions in **hindering proper service** are egregious and cannot be allowed to shield him from **accountability**.

- The Court must not reward **malicious attempts** to evade justice, and the **Defendants' failure** to challenge **proper service** for Airbnb means that they should not benefit from procedural evasion.

**Conclusion**: The Court **failed to address the Defendant's obstructionist tactics** adequately and **misapplied** procedural standards to all Defendants.

---

**5. Inconsistent Application of Legal Standards**

**Error**: The Court applied **generic dismissal reasons** to all Defendants, despite the fact that each Defendant's situation is **unique and distinct**.

**Analysis**: The Court's approach lacked **individualized analysis** of each Defendant's legal standing, particularly with regard to **Brian Chesky's** central role in Airbnb's business and the **corporate structure** of Airbnb. The Court also failed to consider the **different facts** and **connections** each Defendant has to the forum state, leading to **undue harm** in the dismissal of the case.

**Key Argument**:

- **Airbnb**, as a corporate entity, **meets all requirements** for personal jurisdiction, and no reasonable challenge has been made by the Defendants.

- The **personal jurisdiction** argument was improperly extended to the corporate entity based on **Brian Chesky's individual issues**, which required a separate **individual analysis**.

**Conclusion**: The Court **failed to apply the law properly** by treating all Defendants as a **single unit**, disregarding **individual considerations**.

**VI. OBLIGATION OF THE COURT**

Based on the **errors and misapplications** identified above, the Plaintiff respectfully requests the Court to take the opportunity to rectify its errors and leave the matter for appeal reversal:

1. **REOPEN** this case and proceed with a **full and fair hearing** of all claims, free from procedural evasion tactics by the Defendants, and deny **Defendants' motions to dismiss**.

2. **Reversal of the Dismissal Order:** Plaintiff respectfully requests that the Court reconsider and reverse the dismissal order, given that it was based on an improper application of the law, a misunderstanding of the facts, and procedural errors.

3. **Correct the procedural errors** related to **service** and **jurisdiction**, specifically in relation to **Brian Chesky** and **Stephen Brighenti**.

4. **Reaffirm** Delaware's jurisdiction over:

    1. **Airbnb**,

    2. **Brian Chesky**,

    3. **Stephen Brighenti**, and

    4. All **Co-Defendants**.

5. **Deny** Defendants' motion to dismiss and all **related procedural motions** that have been filed to **evade accountability**.

6. **Reinstate the case** based on **clear and undeniable evidence** of fraud and corporate malfeasance.

7. **Allow Full Discovery to Proceed:** Plaintiff requests that the Court allow full discovery to proceed, ensuring that all relevant evidence is brought to light. The discovery process is vital to exposing the full scope of Airbnb's fraudulent conduct and the harm caused to consumers.

8. **Issue Sanctions for Obstruction of Discovery:** Plaintiff respectfully requests that the Court issue sanctions against Airbnb and its counsel for their bad faith actions, including the introduction of fabricated evidence and their attempts to hinder the discovery process.

9. **Establish Jurisdiction over All Defendants:** Plaintiff requests that the Court reaffirm jurisdiction over all Defendants, particularly Airbnb, Brian Chesky, and Stephen Brighenti, as their actions and connections to the forum state have been clearly established.

10. **Grant Plaintiff a jury trial**, as the issues involved are of public importance and warrant a fair and impartial trial.

11. **Impose sanctions** for the introduction of **false evidence** and **obstruction of service**.

12. **Proceed to Trial:** Plaintiff requests that this matter proceed to trial, where the facts can be fully presented and justice can be served. Plaintiff is entitled to a fair trial, and the evidence clearly supports the claims of fraud, misrepresentation, and consumer harm.

13. **Any Additional Relief the Court Deems Just and Necessary:** Plaintiff respectfully requests any further relief the Court deems just and necessary to rectify the error in dismissing this case and to ensure that justice is served.

14. **Impose appropriate sanctions** on Defendants and their Counsels for their **obstructionist tactics**, including the **submission of fraudulent records** and **fabricated evidence** to evade justice.

15. Any further relief this Court deems just and appropriate in ensuring that **Accountability is fulfilled**, **Justice is served** and **Fairness (and Faith in the Judicial System) is preserved**.

No mistake, Plaintiff remains undeterred and doggedly committed and prepared to pursue this case to its conclusion, and to ensure that justice is fully served and all wrongdoers held to account. The Court's obligation to uphold principles of fairness and accountability are be crucial in making sure that the fraud and harm perpetrated by Airbnb is exposed and rectified. The contract between the people and

**Respectfully submitted,**

Mohamed Ly

Dated: November 19, 2024

Lead Plaintiff

Mohamed Ly